1   John P. Kristensen (SBN 224132)
2   Jesenia A. Martinez (SBN 316969)
    Jacob J. Ventura (SBN 315491)
3   **KRISTENSEN LLP**
4   12540 Beatrice Street, Suite 200
    Los Angeles, California 90066
5   Telephone: 310-507-7924
6   Facsimile:  310-507-7906
    *john@kristensenlaw.com*
7   *jesenia@kristensenlaw.com*
8   *jacob@kristensenlaw.com*

9   ***Attorneys for Plaintiff***

10          **THE UNITED STATES DISTRICT COURT**
       **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**
11

| | |
|---|---|
| 12   SAMANTHA SHAFER, an individual, | ) Case No.: |
| 13 | ) |
| | ) **COLLECTIVE ACTION** |
| 14                    Plaintiff, | ) |
| 15        vs. | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. Failure to Pay Minimum Wage,** |
| 16   RED TIE, LLC dba RED TIE | )    **29 U.S.C. § 206;** |
| 17   GENTLEMEN'S CLUB; MIKE | ) **2. Failure to Pay Overtime Wages,** |
|    MUDARIS, an individual; DOE | )    **29 U.S.C. § 207;** |
| 18   MANAGERS 1-3; and DOES 4-10, | ) **3. Unlawful Taking of Tips,** |
|    inclusive, | )    **29 U.S.C. § 203;** |
| 19 | ) **4. Illegal Kickbacks, 29 C.F.R. §** |
| 20                    Defendants. | )    **531.35;** |
| | ) **5. Forced Tip Sharing, 29 C.F.R. §** |
| 21 | )    **531.35;** |
| 22 | ) |
| 23 | ) |
| 24 | ) |
| 25 | ) |
| 26 | ) |
| 27 | ) **DEMAND FOR JURY TRIAL** |
| | ) |

28

Plaintiff SAMANTHA SHAFER ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.   NATURE OF THE ACTION

1.      Plaintiff alleges causes of action against defendants RED TIE, LLC dba RED TIE GENTLEMEN'S CLUB ("Defendant" or "Red Tie"), a California Limited Liability Corporation, MIKE MUDARIS ("Defendant" or "Mudaris"), an individual, DOE MANAGERS 1-3, and DOES 4-10, inclusive (collectively, "Defendants") for damages due to Defendants evading the mandatory minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*, charging illegal kickbacks and illegally absconding with Plaintiff's tips.

2.      As a result of Defendants' violations, Plaintiff seeks to recover all tips kept by the employer, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA.

3.      These causes of action arise from Defendants' willful actions while Plaintiff was employed by Defendants from approximately July 2018 to present. During her time being employed by Defendants, Plaintiff was denied minimum wage payments and denied overtime as part of Defendants' scheme to classify Plaintiff and other dancers/entertainers as "independent contractors." As the Department of Labor explained in a recent  Administrative Interpretation:

> Misclassification of employees as independent contractors is found in an increasing number of workplaces in the United States, in part reflecting larger restructuring of business organizations. When employers improperly classify employees as independent contractors, the employees may not receive important workplace protections such as the minimum wage, overtime compensation, unemployment insurance, and workers' compensation. Misclassification also results in lower tax revenues for government and an

uneven playing field for employers who properly classify their workers. Although independent contracting relationships can be advantageous for workers and businesses, some employees may be intentionally misclassified as a means to cut costs and avoid compliance with labor laws.[1]

As alleged in more detail below, that is exactly what Defendants are, and were at all times relevant, doing.

4.      Plaintiff worked at Defendants' principal place of business located at 15832 Stagg Street, Van Nuys, California 91406.

5.      Defendants failed to pay Plaintiff minimum wages and overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the FLSA.

6.      Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207(a).

7.      Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. § 206.

8.      Plaintiff brings a collective action to recover the unpaid overtime compensation and minimum wage owed to her individually and on behalf of all other similarly situated employees, current and former, of Defendants in California. Members of the Collective Action are hereinafter referred to as "FLSA Class Members."

9.      As a result of Defendants' violations, Plaintiff and the FLSA Class Members seek to recover double damages for failure to pay minimum wage, overtime liquidated damages, interest, and attorneys' fees.

---

[1]   *See* DOL Admin. Interp. No. 2015-1, available at http://www.dol.gov/whd/workers/Misclassification/AI-  2015_1.pdf.

## II.   VENUE AND JURISDICTION

10.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.SC. § 201, *et seq*. Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

11.    Venue is proper in this District because at least fifty (50) percent of all known Defendants reside in Los Angeles County. Further, venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiff worked in this District.

12.    Plaintiff has satisfied all conditions precedent, if any, to the filing of this suit.

## III.   PARTIES

13.    Plaintiff is an individual adult resident of the State of California. Furthermore, Plaintiff was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached hereto as Exhibit 1.

14.    The FLSA Class Members are all current and former exotic dancers/entertainers who worked at Red Tie located at 15832 Stagg Street, Van Nuys, California 91406 at any time starting three (3) years before this Complaint was filed, up to the present.

15.    Red Tie is a California Corporation with its principal place of business at 15832 Stagg Street, Van Nuys, California 91406. At all times mentioned herein, Red Tie was an "employer" or "joint employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Red Tie may be served via its agent for service of process, S. Perez, at 15832 Stagg Street, Van Nuys, California 91406 or his residence.

///

16.     Mudaris was/is the main manager who executed the policies regarding payment to dancers/entertainers and management of dancers/entertainers, including Plaintiff. Mudaris is also the owner of Red Tie and resides in Los Angeles County, California.

17.     Mudaris acted directly or indirectly on behalf of Red Tie, and, at all times mentioned herein was an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA. He exerted operational and management control over Red Tie, including day to day management. He was frequently present at, owned, directed, controlled and managed the operations at Red Tie. He also controlled the nature, pay structure, and employment relationship of Plaintiff and the FLSA Class Members. Mudaris had at all times relevant to this lawsuit, the authority to hire and fire employees at Red Tie, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, he was responsible for the day-to-day affairs of Red Tie. In particular, he was responsible for determining whether Red Tie complied with the FLSA.

18.     DOE MANAGERS 1-3 are the managers/owners who control the policies and enforce the policies related to employment at Red Tie.

19.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at their club engaged in commerce their club which has travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

20.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

///

21.　At all material times during the three (3) years prior to the filing of this action, Defendants categorized all dancers/entertainers employed at Red Tie as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

22.　The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOE MANAGERS 1 through 3 and DOES 4 through 10, inclusive are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays for leave to amend this Complaint to show their true names and capacities when the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

23.　Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

24.　Plaintiff is informed and believes, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employer and/or joint employers of Plaintiff in that each of them

exercised control over her wage payments and control over her duties.

25.     Plaintiff is informed and believes, and on that basis alleges that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

26.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## IV.   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION
### (AGAINST ALL DEFENDANTS)

### A.   FACTUAL ALLEGATIONS

27.     Defendants operate an adult-oriented entertainment facility located at 15832 Stagg Street, Van Nuys, California 91406. At all times mentioned herein, Defendants were "employer(s)" or "joint employer(s)" of Plaintiff.

28.     At all times during the four (4) years prior to the filing of the instant action, Defendants categorized all dancers/entertainers employed by Defendants as "independent contractors" and have failed and refused to pay wages to such dancers.

29.     At all times relevant to this action, Defendants exercised a great deal of operational and management control over the subject club, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

30.     Plaintiff has worked as a dancer for Defendants from approximately July 2018 to present.

31.     The primary duty of a dancer/entertainer is to dance and entertain customers, and give them a good experience. Specifically, a dancer/ entertainer performs stage and table dances, and entertains customers on an hourly basis.

32.     Stated differently, dancers/entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

33.     Plaintiff worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiff was an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female dancers/ entertainers.

34.     Defendants did not pay dancers/ entertainers on an hourly basis.

35.     Defendants exercised significant control over Plaintiff during her shifts and would tell Plaintiff what time she was permitted to leave.

36.     Defendants set prices for all VIP performances.

37.     Defendants set the daily cover charge for customers to enter the facility and had complete control over which customers were allowed in the facility.

38.     Defendants controlled music for Plaintiff's performances.

39.     Defendants controlled the means and manner in which Plaintiff could perform.

40.     Defendants placed Plaintiff on a schedule.

41.     Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dancing.

42.     Defendants actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with their rules regarding dancing.

43.     Although Defendant allowed dancers/entertainers to choose their own costumes, Defendants reserved the right to decide what a particular entertainer was allowed to wear on the premises. In order to comply with Red Tie's dress and appearance standards, Plaintiff typically expended approximately one (1) hour of time each shift getting ready for work without being paid any wages for such time getting ready.

///

44.     Plaintiff was compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiff whatsoever for any hours worked at their establishment.

45.     Defendants also required Plaintiff to share her tips with Defendants and other non-service employees who do not customarily receive tips, including the managers, disc jockeys, and the bouncers.

46.     Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers/entertainers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of her tips and instead required that she divide her tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

47.     Defendants exercised significant control over Plaintiff through written and unwritten policies and procedures. Defendants had visibly posted in the employees' locker room the written employee rules for late arrivals and early leaves and the corresponding fees for which performers would be responsible.

48.     Red Tie provided and paid for all advertising and marketing efforts undertaken on behalf of Red Tie.

49.     Red Tie paid for the building used by Red Tie, maintenance of the facility, the sound system, stages, lights, beverage and inventory used at the facility.

///

50.     Defendants made all hiring decisions regarding wait staff, security, entertainers, managerial and all other employees on the premises.

51.     Red Tie's opportunity for profit and loss far exceeded Plaintiff's opportunity for profit and loss from work at Red Tie.

52.     Nude dancing is an integral part of Red Tie's operations. Red Tie's advertising and logo prominently displays nude dancing for its customers. Red Tie is well known as a "strip club."

53.     Red Tie needs dancers/ entertainers to successfully and profitably operate the Red Tie business model.

54.     The position of dancer/entertainer requires no managerial skill of others.

55.     The position of dancer/entertainer requires little other skill or education, formal or otherwise.

56.     The only requirements to become an entertainer at Red Tie are "physical attributes" and the ability to dance seductively. Plaintiff did not have a formal interview but instead was glanced over "up and down" and participated in a brief audition by the manager before being offered an employment opportunity. The amount of skill required is more akin to an employment position than that of a typical independent contractor. Defendants do not require prior experience as an entertainer or any formal dance training as a job condition or prerequisite to employment. Defendants do not require the submission of an application or a resume as part of the hiring process. In fact, Plaintiff has little or no formal dance training and experience before auditioning to dance at Red Tie.

57.     Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by dancers/entertainers.

58.     Plaintiff was not paid an hourly minimum wage or *any* hourly wage or salary despite being present at Defendants' facility and required to work and entertain its customers at any time during an eight-plus (8+) hour work shift.

59. Plaintiff was not paid overtime wages at one-and-a-half (1½) times the regular minimum wage rate for *any* hours worked despite being present at Defendants' facility and required to work and entertain its customers for longer than eight (8) hours per shift.

60. Plaintiff was not paid an hourly minimum wage for the typical one (1) hour of time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards. Plaintiff estimates that she spent approximately fifteen thousand U.S. Dollars ($15,000.00) annually on makeup, nails, hair-related expenses, and outfits.

61. Plaintiff was not paid an hourly minimum wage for the time she was required to wait at Red Tie until the premises and the parking lot were cleared of customers.

62. The FLSA Class Members had the same pay structure and were under the same controls as Plaintiff.

63. Plaintiff and FLSA Class Members would work over forty (40) hours in some weeks each worked for Defendants.

64. Defendants have never paid Plaintiff and FLSA Class Members any amount as wages whatsoever, and have instead unlawfully required Plaintiff and FLSA Class Members to pay them for the privilege of working.

65. The only source of monies received by Plaintiff (and the class she seeks to represent) relative to her employment with Defendants came in the form of gratuities received directly from customers, a portion of which Plaintiff and the FLSA Class Members were required to pay to Defendants.

66. Although Plaintiff and FLSA Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half (1 ½) rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation

whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of FLSA. *See* 29 U.S.C. § 206.

67. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiff with the sole intent to avoid paying her in accordance to the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiff is entitled to restitution of such fines and fees.

68. Plaintiff and the FLSA Class Members who worked at Red Tie performed precisely the same job duties - dancing and entertaining at Red Tie.

69. Plaintiff and the FLSA Class Members who worked at Red Tie during the applicable limitations period(s) were subject to the same work rules established by the Defendants as identified above.

70. Plaintiff and the FLSA Class Members at Red Tie were subject to the terms and conditions of employment and the same degree of control, direction, supervision, promotion and investment imposed or performed by Defendants.

71. Plaintiff and the FLSA Class Members at Red Tie during the applicable limitations period(s) were subject to the same across-the-board, uniformly applied corporate policy mandated by Defendants.

72. Plaintiff and the FLSA Class Members at Red Tie, during the applicable limitations period, were subject to the same fees and fines imposed by Defendants.

73. As a result of Defendants' across-the-board, standard operating procedure of mischaracterizing dancers/entertainers as "independent contractors" and their consequent failure to pay any wages or compensation whatsoever, it is a certainty that numerous other current and former dancers and entertainers who worked at Red Tie during the applicable limitations period would elect to

participate in this action if provided notice of same.

74.     Upon information and belief, more than one hundred (100) dancers and entertainers have worked at Red Tie during the three (3) to five (5) years prior to the filing of this action.

75.     Plaintiff is "similarly situated" to the 29 U.S.C. § 216(b) class of persons she seeks to represent, and will adequately represent the interests of the class.

76.     Plaintiff has hired Counsel experienced in class actions and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the class.

77.     Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiff or any other dancer/entertainer and failed to maintain and furnish wage statements to Plaintiff.

78.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a.     The time of day and day of week on which the employees' work week begins;

b.     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c.     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.     The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.     The hours worked each workday and total hours worked each workweek;

f.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of

premium overtime compensation;

g.     The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.     The dates, amounts, and nature of the items which make up the total additions and deductions;

j.     The total wages paid each pay period; and

k.     The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

79.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff and the FLSA Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and the FLSA Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of their work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff seeks to put Defendants on notice that she intends to rely on *Anderson* to provide the extent of her unpaid work.

**B.     INDIVIDUAL LIABILITY UNDER THE FAIR LABOR STANDARDS ACT**

80.     In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), the U.S. Court of Appeals for the Ninth Circuit held that individuals can be liable for FLSA violations under an expansive interpretation of "employer." *Id.* at 1088. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit stated that the definition of "employer" under FLSA is not limited by the common law concept of "employer" but "is to be given an expansive

Kristensen LLP
ATTORNEYS FOR PLAINTIFFS

interpretation in order to effectuate the FLSA's broad remedial purposes."

81. Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999). The Ninth Circuit highlighted factors related to "economic control," which included ownership interest, operational control of significant aspects of the day-to-day functions, the power to hire and fire employees, determine salaries, and the responsibility to maintain employment records.

82. S. Perez and J. Perez are individually liable for failing to pay Plaintiff her wages. The actual identities of DOE MANAGERS 1 through 3 and DOES 4 through 10 are unknown at this time.

## V. COLLECTIVE ACTION ALLEGATIONS

83. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

84. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present.

85. Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers at Red Tie. As such, she has firsthand personal knowledge of the same pay violations throughout Defendants' club. Furthermore, other exotic dancers/entertainers at Defendants' club Red Tie have shared with her similar pay violation experiences as those described in this Complaint.

86.     Other employees similarly situated to the Plaintiff work or have worked at Red Tie but were not paid overtime at the rate of one and one-half (1½) their regular rate when those hours exceeded forty (40) hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

87.     Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40). Defendants have also denied them full compensation at the federally mandated minimum wage rate.

88.     FLSA Class Members perform or have performed the same or similar work as the Plaintiff.

89.     FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

90.     FLSA Class Members regularly work or have worked and did not receive minimum wage.

91.     FLSA Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

92.     As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

93.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

94.     The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

///

95.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

96.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

97.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

98.     Although the exact number of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all FLSA Class Members.

99.     As such, Plaintiff brings her FLSA claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers/entertainers who worked at the Red Tie located in Van Nuys, California at any time starting three (3) years before this Complaint was filed.**

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO THE FLSA, 29 U.S.C. § 206**

**(By Plaintiff Individually and on Behalf of the Collective Against All Defendants)**

100.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

101. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

102. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

103. Defendants failed to pay Plaintiff the minimum wage in violation of 29 U.S.C. § 206.

104. Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the minimum wage under the FLSA.

105. Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after they learned that their misclassification scheme and compensation policies were illegal.

106. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES PURSUANT TO THE FLSA, 29 U.S.C. § 207**

**(By Plaintiff Individually and on Behalf of the Collective**

**Against All Defendants)**

107. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

///

108.   Each Defendant is an "employer" or "joint employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

109.   Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

110.   Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000.00).

111.   Defendants failed to pay Plaintiff the applicable overtime wage for each hour in excess of forty (40) during each workweek in which she worked in violation of 29 U.S.C. § 207.

112.   Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiff the overtime wage required under the FLSA.

113.   Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after they learned that their misclassification scheme and compensation policies were unlawful.

114.   Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, overtime wage  compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

///
///
///
///
///

## THIRD CAUSE OF ACTION

**UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203**

**(By Plaintiff Individually and on Behalf of the Collective**

**Against All Defendants)**

115.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

116.   Plaintiff customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

117.   At all relevant times, each Defendant is an "employer" or joint employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

118.   Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

119.   Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

120.   Under TIPA:

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203.

121.   Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and floor men in violation of TIPA.

122.   Defendants required Plaintiff to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and

do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as the Club DJs, security, and management). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

123.   The contribution the Defendants required Plaintiff to make after each shift was arbitrary and capricious and the distribution was not agreed to by Plaintiff other dancers; but rather, was imposed upon Plaintiff and other dancers.

124.   By requiring Plaintiff to pool her tips with club management, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiff in violation of the FLSA.

125.   Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiff.

126.   At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiff to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiff the proper amount of the tips to which she was entitled.

127.   Defendants' willful failure and refusal to pay Plaintiff the tips she earned violates the FLSA.

128.   Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to management, house moms, disc jockeys, and door men in violation of TIPA.

129.   As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiff is entitled to damages in the form of all misappropriated tips, plus interest; as liquated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

///

## FOURTH CAUSE OF ACTION

### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

**(By Plaintiff Individually and on Behalf of the Collective**

**Against All Defendants)**

130.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

131.   Defendants required Plaintiff to pay monetary fees to Defendants and other Red Tie employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

132.   Defendants' requirement that Plaintiff pay fees to Defendants and other Red Tie employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

133.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiffs' wages.

134.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiff are classified as illegal kickbacks.

135.   Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiff to pay in order to work at Red Tie, involving but not limited to house fees.

///
///
///
///
///
///

# FIFTH CAUSE OF ACTION

### FORCED TIPPING, 29 C.F.R. § 531.35

**(By Plaintiff Individually and on Behalf of the Collective**

**Against All Defendants)**

136.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

137.   Defendants required Plaintiff to pay monetary fees to other Red Tie employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

138.   Defendants' requirement that Plaintiff pay fees to other Red Tie employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

139.   Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

140.   Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiff to pay other employees in order to work at Red Tie, involving but not limited to forced tip sharing.

///
///
///
///
///
///
///
///
///
///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the following relief:

1. For compensatory damages according to proof at trial of at least $100,000 for jurisdictional purposes;

2. For special damages according to proof at trial;

3. For restitution of unpaid monies;

4. For attorneys' fees;

5. For costs of suit incurred herein;

6. For statutory penalties;

7. For civil penalties;

8. For pre-judgment interest;

9. For post-judgement interest;

10. For general damages in an amount to be proven at trial;

11. For declaratory relief;

12. For injunctive relief; and

13. For such other and further relief as the tribunal may deem just and proper.

Dated: June 26, 2020                              **KRISTENSEN LLP**

*/s/ John P. Kristensen*

John P. Kristensen
Jesenia A. Martinez
Jacob J. Ventura

***Attorneys for Plaintiff***

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: June 26, 2020

KRISTENSEN LLP

*/s/ John P. Kristensen*

John P. Kristensen
Jesenia A. Martinez
Jacob J. Ventura

*Attorneys for Plaintiff*