**O**

# United States District Court
# Central District of California

| | |
|---|---|
| SAMANTHA SHAFER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RED TIE, LLC dba RED TIE GENTLEMEN'S CLUB; MIKE MUDARIS, an individual; DOE MANAGERS 1–3; and DOES 4–100, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-05726-ODW (PVCx)<br><br>**ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND ISSUANCE OF NOTICE [22], AND GRANTING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT [30]** |

## I. INTRODUCTION

Plaintiff Samantha Shafer filed this putative collective action against Defendants Red Tie LLC and Mike Mudaris for allegedly violating several provisions of the Fair Labor Standards Act ("FLSA") by misclassifying workers like herself as independent contractors, failing to pay minimum and overtime wages, and implementing illegal practices regarding the taking and sharing of tips. (Compl. ¶¶ 100–40, ECF No. 1.) Since the Complaint was filed, three individuals have opted in as additional Plaintiffs: Ida Hurley on August 30, 2020; Aeja Hurt on September 27, 2020; and Alexis Jackson on October 13, 2020. (Hurley Consent

Form, ECF No. 19-1; Hurt Consent Form, ECF No. 20–1; Jackson Consent Form, ECF No. 21-1.)

Now, Shafer, Hurley, Hurt, and Jackson ("Plaintiffs") move for conditional certification of this case as a collective action under 29 U.S.C. § 216(b) and permission to issue notice of this action to dancers who have performed at Defendants' establishment in the past three years. (Mot. Cond. Cert. & Issuance of Not. ("Mot. Cond. Cert."), ECF No. 22.) The Motion for Conditional Certification is fully briefed. (*See* Mot. Cond. Cert.; Opp'n Cond. Cert., ECF No. 24; Reply Cond. Cert., ECF No. 28.)

Plaintiffs also move for leave to file a First Amended Complaint (1) joining Ingrid Goulding and Bob Simoni as defendants, and (2) adding the opt-in Plaintiffs' names *to the case caption*. (Mot. Leave Am. Compl. ("Mot. Leave"), ECF. No. 30.) The Motion for Leave is also fully briefed. (Mot. Leave; Opp'n Leave, ECF No. 31; Reply Leave, ECF No. 32.)

After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, both Motions are **GRANTED in part**.

## II. BACKGROUND

Defendants "operate an adult-oriented entertainment facility." (Compl. ¶ 27.) In July 2018, Shafer began working as a dancer at Defendants' club. (*Id.* ¶ 30.) Shafer alleges that Defendants misclassified her as an independent contractor and failed to pay hourly wages, minimum wages, or overtime. (*See id.* ¶¶ 100–14.) Instead, she was compensated only through tips, which she was required to share with managers, disk jockeys, and bouncers. (*See id.* ¶¶ 44–45, 115–40). Shafer alleges Defendants exercised control over her work by setting her schedule, setting cover charges and VIP prices, and establishing rules regarding dances, music, and costumes.

(*See id.* ¶¶ 35–43.) Defendants allegedly mistreated other dancers in the same ways. (*See id.* ¶ 62; Decl. of Ida Hurley ¶¶ 10–21, ECF No. 22-1.)

Now before the Court are Plaintiffs' two Motions. The Court addresses Shafer's Motion for Leave first, before turning to Shafer's Motion for Conditional Certification.

### III. MOTION FOR LEAVE TO AMEND

As mentioned above, Hurley, Hurt, and Jackson opted into this lawsuit after the Complaint was filed. When Plaintiffs subsequently filed their Motion for Conditional Certification, they added Hurley, Hurt, and Jackson's names to the case caption. (*See* Mot. Cond. Cert.) Defendants objected to the change in caption as improper. (Opp'n Cond. Cert. 1–4.) Then, Plaintiffs filed their Motion for Leave, seeking permission to (1) add Hurley, Hurt, and Jackson to the case caption; (2) change any reference to "Plaintiff" in the Complaint to be plural (i.e., "Plaintiffs"); and (3) join Goulding and Simoni as defendants. (*See* Mot. Leave 4.) Notably, with respect to Plaintiffs' Motion for Leave, Defendants oppose *only* the request to amend the case caption. (Opp'n Leave 1.)

Federal Rule of Civil Procedure ("Rule") 15 provides that leave to amend a pleading shall be liberally granted, but such leave is not automatic. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "There is very little case law regarding the legal standard for amending a caption, and no federal or local rule governs caption amendments." *Hoemke v. Macy's W. Stores LLC*, No. CV-20-01317-PHX-DWL, 2020 WL 5229194, at *1 (D. Ariz. Sept. 2, 2020). However, "the caption of an action is only the handle to identify it," and it does not ordinarily govern the content of the action. *Hoffman v. Halden*, 268 F.2d 280, 303 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). "In the absence of authority to the contrary, it appears that whether to amend a case caption is within the Court's

discretion and should be based on factors such as promoting clarity and avoiding confusion." *Hoemke*, 2020 WL 5229194, at *1.

Here, Defendants argue that amending the case caption would cause issues because "[t]here are significant differences between the named plaintiff and the 'opt-in' plaintiffs in a [FLSA action]." (Opp'n Leave 2.) However, the FLSA does not distinguish between opt-in plaintiffs and original plaintiffs. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018) ("[T]he result of joining the collective is the same status in relation to the claims of the lawsuit as that held by the original named plaintiffs." (internal quotation marks and alterations omitted)).

Nevertheless, this does not mean the caption must be amended. Local Rule 11-3.8(d), upon which Plaintiffs rely, requires only that all parties be named in the caption of an *initial* pleading. *See* C.D. Cal. L.R. 11-38(d) ("In all documents, after the initial pleadings, the names of the first-named party only on each side shall appear."). The Court sees no reason to amend the caption now. Furthermore, to the extent the parties believe the caption has any effect on their rights or obligations, particularly with respect to class decertification, they are mistaken. Hurley, Hurt, and Jackson properly joined the action by filing consent forms, and all three may be dismissed if circumstances dictate. *See Campbell*, 903 F.3d at 1109 ("The employer can move [later] for 'decertification' of the collective action for failure to satisfy the 'similarly situated' requirement in light of the evidence produced to that point.").

Defendants do not object to any other proposed amendment. (Opp'n to Leave 1.) Thus, for the reasons covered above, Plaintiffs' Motion for Leave is **GRANTED in part**. (ECF No. 22.) Plaintiffs may file a First Amended Complaint with the proposed changes, but the caption shall remain unchanged.

### IV. MOTION FOR CONDITIONAL CERTIFICATION

Next, Plaintiffs move for conditional certification as a collective action and allowance of notice to putative collective members. (*See* Mot. Cond. Cert.) Specifically, Plaintiffs seek to issue notice to all "dancers who have performed at the

defendants' club Red Tie in the past three years." (*See* Prop. Cond. Cert. Order, ECF No. 22–5.)

A "collective action" brought under the FLSA is "fundamentally different" from a class action under Rule 23. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 66 (2013). "[U]nlike in the Rule 23 context, the district court in a collective action plays no . . . gatekeeping role." *Campbell*, 903 F.3d at 1101. Rather, in a collective action under the FLSA, district courts analyze the question of "certification" in a two-stage process. *See id.* at 1109.

In the first stage (which the Court now performs) "[p]reliminary certification . . . refers to the dissemination of notice to putative collective members, conditioned on a preliminary determination that the collective as defined in the complaint satisfies the 'similarly situated' requirement of [§] 216(b)." *Id.* (citing *Symczyk*, 569 U.S. at 75). Parties are similarly situated when "they share a similar issue of law or fact material to the disposition of their FLSA claims." *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 948 (9th Cir. 2019). "At this early stage of litigation, the district court's analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Campbell*, 903 F.3d at 1109. "The level of consideration is lenient." *Id.* (internal quotation marks omitted). "The sole consequence of a successful motion for preliminary certification [of a collective action brought under the FLSA] is the sending of court-approved written notice to workers who may wish to join the litigation as individuals." *Id.* at 1101 (internal quotation marks omitted).

Here, Defendants do not oppose preliminary certification and agree that notice may be issued, but they assert thirteen objections to Plaintiffs' proposed notice. (*See* Opp'n Cond. Cert. 1.) Defendants contend that: (1) notice should not be sent to any dancer who signed an arbitration agreement; (2) notice should not be sent to any dancer who worked after January 2019; (3) there is no reason for equitable tolling; (4) Defendants should be given more than ten days to produce a list of putative

collective members; (5) the opt-in period should be sixty days, not ninety days; (6) Defendants should not be required to post notice on their website; and (7) notice should be dispatched by an independent third party so that Plaintiffs' counsel cannot use the information to solicit putative collective members. Defendants also contend the notice should advise putative collective members that (8) they may not be eligible if they signed arbitration agreements; (9) joining the action may require engaging in discovery; (10) joining the action may result in the obligation for legal costs; (11) they cannot recover if they received paychecks with deductions beginning in January 2019; (12) they have the option of retaining their own lawyer; and (13) they have no obligation to join the action. (*Id.* at 4–8.) The Court briefly addresses these objections below.

### 1. *Notice to Dancers Who Signed Arbitration Agreements*

Defendants contend it would be a waste of time to send notice to any dancer who signed an arbitration agreement. (*Id.* 4–5.) But "[g]enerally, the fact that a FLSA plaintiff has signed an arbitration agreement will not preclude preliminary certification of a collective action." *Ortega v. Spearmint Rhino Cos. Worldwide, Inc.*, No. EDCV 17-206 JGB (KKx), 2019 WL 2871156, at *5 (C.D. Cal. May 15, 2019). Rather, courts in the Ninth Circuit "have granted conditional certification providing notice to potential collective members and deferred the merits-based question of whether the arbitration agreements are valid and enforceable to the second stage." *Cuevas v. ConAm Mgmt. Corp.*, No. 18cv1189-GPC(LL), 2019 WL 5320544, at *4 (S.D. Cal. Oct. 21, 2019) (citing cases). Similarly, here, notice shall not be withheld from dancers who signed arbitration agreements.

### 2. *Notice to Dancers Who Worked after January 2019*

Defendants submit declaration testimony that they "began paying [the] dancers with pay stubs and itemized deductions during January 2019, when the California Supreme Court issued its *Dynamex* decision." (Decl. of Mike Mudaris ¶ 2, ECF No. 24.) Defendants suggest that because they began using pay stubs and tracking

wages and deductions in January 2019, dancers who only worked after January 2019 "have no claims, and any claims they may have are not similar to any claims of any claims of a dancer who worked prior to that date." (Opp'n Cond. Cert. 6.) However, Defendants' one-sentence, self-serving declaration testimony does not eviscerate any possibility that a dancer who worked for Defendants after January 2019 may have claims similar to those dancers who worked before January 2019. For instance, such dancers may share similar claims relating to the forced sharing of tips. (*See* Reply Cond. Cert. 7.) Accordingly, at this early stage of litigation, notice shall not be withheld from dancers who worked only after January 2019.

### 3. *Equitable Tolling*

"The FLSA's limitation period can be equitably tolled." *Delara v. Diamond Resorts Int'l Mktg., Inc.*, No. 2:19-cv-00022-APG-NJK, 2020 WL 2085957, at *7 (D. Nev. Apr. 30, 2020) (citing *Partlow v. Jewish Orphans' Home of So. Cal.*, 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 167 n.1 (1989)) (tolling the statute of limitations based on "the period of time it took for the court to rule on the motion for certification of a collective action"). Here, the Court took Plaintiffs' Motion for Conditional Certification under submission on November 18, 2020, and the parties have waited patiently for a decision while the Court has worked through an overladen docket. The Court recognizes that "potential opt-in plaintiffs could be unfairly prejudiced by the court's delay in resolving the motion." *Delara*, 2020 WL 2085957, at *7 (internal quotation marks omitted); *see also Lew v. Countrywide Fin. Corp.*, No. C-08-1993-SC, 2009 WL 1384975, at *3 (N.D. Cal. Feb. 24, 2009) ("The Court will not penalize the Plaintiff or other members of the putative classes for its own docket-management determinations."). Thus, the limitation period shall be tolled from December 18, 2020 (thirty days after the Court took Plaintiffs' Motion under submission), until notice is finally approved. If a plaintiff opts in before such final approval, the tolling period for that plaintiff shall be from December 18, 2020 until the date on which that plaintiff

files a written consent form.  Tolling shall not apply to Plaintiffs who opted in before December 18, 2020.

That said, Plaintiffs also seek to toll the statute of limitations for the duration of the notice period.  (Mot. Cond. Cert. 14–17; Prop. Cond. Cert. Order 2.)  Defendants correctly argue that Plaintiffs fail to support this request.  (Opp'n Cond. Cert. 6.)  In fact, Plaintiffs acknowledge that the applicable statute of limitations under the FLSA "continues to run for each putative plaintiff until he or she files a consent form opting into the collective." (Mot. Cond. Cert. 14 (citing 29 U.S.C. § 256).)   Accordingly, the limitations period shall <u>not</u> be tolled during the notice period.

### 4.  *Right to Retain Independent Counsel*

Defendants contend the notice should advise putative collective members of their right to obtain counsel who are not Plaintiffs' counsel.  (Opp'n Cond. Cert. 7 (citing *Santinac v. Worldwide Labor Support of Ill., Inc.*, 107 F. Supp. 3d 610, 618 (S.D. Miss. 2015)).)  Plaintiffs do not address this objection in their Reply, and the Court agrees it would be reasonable and appropriate to include this information.  Accordingly, notice shall advise putative collective members of their right to retain counsel of their own choosing.

### 5.  *Defendants' Other Objections*

The remainder of Defendants' objections to the proposed notice are either unsupported by any legal authority, deemed unnecessary by the Court, or both.  (*See* Reply 7–14 (replying to each of Defendants' remaining objections with applicable case law).)  The Court notes, however, that certain other aspects of Plaintiffs' proposed order appear equally unsupported or necessary to effect proper notice to the putative collective members, even though Defendants do not appear to object to them.  The Court need not tediously elaborate on every minute aspect of Plaintiffs' proposed notice and order.  Rather, the Court revises certain provisions in Plaintiffs' proposed order (in addition to the items already covered above) as follows:

- Defendants shall provide Plaintiffs with a list of putative collective members within fourteen (14) days of this Order, including their names, last-known mailing addresses, email addresses, and dates they worked for Defendants;
- Upon the Court's final approval of a notice and consent form, Plaintiffs shall issue notice to putative collective members via email and United States Mail;
- Plaintiffs are authorized to send one (1) identical reminder notice via email and United States Mail after the expiration of forty-five (45) days from the date on which the initial notice and consent form are sent;
- Within ten (10) days of the Court's final approval of the notice and consent form, Defendants shall conspicuously post the notice and consent form on their website and in each dressing room at Defendants' business; and
- The notice period shall span a total of ninety (90) days.

(*Cf.* Prop. Cond. Cert. Order.)

## VI.   CONCLUSION

To recap, Plaintiffs' Motion for Leave is **GRANTED in part**. (ECF No. 30.) Plaintiffs shall file their First Amended Complaint as proposed, no later than **March 31, 2021**. The caption shall not reflect any changes to the parties that occurred after the initial case filing.

Plaintiffs' Motion for Conditional Certification is also **GRANTED in part**. (ECF No. 22.) The parties are **ORDERED** to submit a mutually agreeable notice and consent for final approval, consistent with the Court's rulings above, within **twenty-one (21) days** of the date of this Order.

**IT IS SO ORDERED.**

March 25, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**