O

# United States District Court
# Central District of California

| | |
|---|---|
| SAMANTHA SHAFER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RED TIE, LLC (d/b/a Red Tie Gentlemen's Club), et al.,<br><br>    Defendants. | Case № 2:20-CV-5726-ODW (PVCx)<br><br>**ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES [67]** |

## I.      INTRODUCTION

On June 26, 2020, Plaintiff Samantha Shafer initiated this action against Defendants Red Tie, LLC and Mike Mudaris for allegedly violating the Fair Labor Standards Act ("FLSA") by misclassifying workers like herself as independent contractors, failing to pay minimum and overtime wages, and implementing illegal practices regarding the taking and sharing of tips.  (Compl. ¶¶ 10–40, ECF No. 1.) Plaintiffs Ida Hurley, Aeja Hurt, and Alexis Jackson opted into the action (ECF Nos. 19–21), and together Plaintiffs filed a First Amended Complaint ("FAC") adding Defendants Ingrid Goulding and Bob Simoni.  (FAC, ECF No. 48).  Defendants filed an Answer to the operative FAC, asserting seven affirmative defenses.  (Answer to FAC ("Answer"), ECF No. 65.)

Plaintiffs now move to strike Defendants' affirmative defenses, and the matter is fully briefed. (Pls.' Mot. to Strike Defs.' Affirmative Defenses ("MTS"), ECF No. 67; Opp'n, ECF No. 71; Reply, ECF No. 73.) For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion.[1]

## II.     BACKGROUND[2]

Plaintiffs are dancers who worked at Red Tie, a gentlemen's club, from approximately June 2017 to January 2021. (FAC ¶¶ 14, 32.) Defendants Mike Mudaris, Ingrid Goulding, and Bob Simoni are the managers of Red Tie who "executed the policies regarding payment to dancers/entertainers." (Id. ¶¶ 16–21.) Plaintiffs allege that Defendants did not pay Plaintiffs on an hourly basis and that Plaintiffs were compensated exclusively through tips from customers. (Id. ¶¶ 36, 46–47.) Plaintiffs also allege that Defendants required Plaintiffs to share their earned tips with Defendants and other non-service employees who do not customarily receive tips. (Id. ¶ 47.) Based on the foregoing, Plaintiffs assert five claims for relief: (1) failure to pay minimum wage; (2) failure to pay overtime wages; (3) unlawful taking of tips; (4) illegal kickbacks; and (5) forced tip sharing. (Id. ¶¶ 102–142.)

Defendants alleged seven affirmative defenses in response to Plaintiffs' allegations. (Answer ¶¶ 143–149.) Following a meet and confer, Defendants consented to striking five of the seven affirmative defenses at issue. (Mot. 3.) In the moving papers, Plaintiff argued in favor of striking these five affirmative defenses, and Defendants confirmed in their opposition that they stipulate to the striking of these five defenses. (Mot. 2–5; Opp'n 1.) Accordingly, only two affirmative defenses remain in dispute: waiver (first affirmative defense) and FLSA good faith and reasonable belief (seventh affirmative defense).

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] All factual references derive from Plaintiff's FAC or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike an affirmative defense if it is insufficient or is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). An affirmative defense must give the plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "To determine that a defense is insufficient as a matter of law, the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. County of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (internal quotation marks omitted).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless "it is clear . . . the complaint could not be saved by any amendment." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008); *see* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

### IV.     DISCUSSION

Plaintiffs assert that the Court should strike Defendants' first and seventh affirmative defenses because they are too vague to satisfy the fair notice requirement and are improper as a matter of law. (*See generally* Mot.) As discussed below, the Court agrees that the challenged affirmative defenses fail to provide fair notice, and the Court grants the motion on this basis. *Zissa v. County of Los Angeles,* No. 2:18-cv-101745-CJC (JDEx), 2019 WL 8060086 at *2 (C.D. Cal. Mar. 7, 2019) (finding that boilerplate recitations of the affirmative defense are not sufficient to put plaintiffs on fair notice of the basis of each affirmative defense).

**A.     First Affirmative Defense: Waiver**

Plaintiffs move to strike Defendants' first affirmative defense of waiver. (Mot. 6.) The defense merely states: "Plaintiff has waived any claims she may have." (Answer ¶ 143.) While a "detailed statement of facts" is not required for an

affirmative defense to sufficiently provide fair notice, fair notice generally requires that the defendant "set forth the nature and grounds for the affirmative defense." *Loi Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1059 (C.D. Cal. 2019). Here, Defendants' one-sentence allegation is conclusory and fails to provide any facts indicating which of the Plaintiffs' words or conduct indicate waiver. It is therefore insufficient to provide fair notice to Plaintiffs.

In their Opposition, Defendants attempt to address the deficiency of this affirmative defense by claiming that the statement refers to the waivers allegedly signed by Plaintiffs Shafer and Hurt. (Opp'n 3.) However, this claim constitutes material outside the pleadings and may not be considered. *See Winebarger v. Pa. Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.") (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990)). It remains unclear from the pleadings *what* the Plaintiffs waived (their substantive rights under FLSA, or their right to participate in a collective action, or something else) and *how* that waiver took place.

Accordingly, the Court strikes Defendants' first affirmative defense (waiver) with leave to amend. *See Manzarek*, 519 F.3d at 1034.

### B.     Seventh Affirmative Defense: Good Faith

Plaintiffs move to strike Defendants' seventh affirmative defense, which asserts that any act or omission in violation of the FLSA was in good faith. (Mot. 7.) The seventh affirmative defense indicates: "Any act or omission giving rise to any liability hereunder . . . was in good faith and . . . defendants had reasonable grounds for believing that their act or omission was not a violation of [FLSA]. Accordingly, the court should award no liquidated damages." (Answer ¶ 149.)

29 U.S.C. § 260 provides that in certain FLSA actions, the court may award no liquidated damages if the employer shows "the act or omission giving rise to [the case] was in good faith and that [the employer] had reasonable grounds for believing

that [its] act or omission" was not a violation of the FLSA. This provision of the FLSA makes clear that, to avoid liquidated damages, the employer must act in good faith *and* must have a reasonable basis for its belief that it was not violating the law. Accordingly, a sufficient pleading would set forth the factual basis for the employer's good faith belief. Here, Defendants' purported good faith defense is insufficient because it sets forth no basis for Defendants' belief. The defense is conclusory and is insufficient to provide Plaintiffs with fair notice.

Accordingly, the Court strikes Defendants' seventh affirmative defense (good faith) with leave to amend. *See Manzarek*, 519 F.3d at 1034.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Strike. (ECF No. 67.) The Court **STRIKES** all seven of Defendants' affirmative defenses **with leave to amend**. If Defendants choose to file a First Amended Answer, they must do so no later than **fourteen (14) days** from the date of this Order.

**IT IS SO ORDERED.**

August 10, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**