# EXHIBIT 3

## DECLARATION OF BRIGGITTE DONIS

I, Briggitte Donis, plaintiff in this matter, and based on my own experience and knowledge, hereby declare as follows:

1. I have personal knowledge of all facts stated in this Declaration and, if called to testify as a witness, I could and would competently testify thereto.

2. On May 17, 2021, my counsel filed my Consent to join this action against defendants Red Tie, LLC *dba* Red Tie Gentlemen's Club; Mike Mudaris, an individual; (collectively, "Defendants") (Defendants' club referred to herein as "Red Tie").

3. I worked for Defendants at various times from approximately 2016 to 2019. I worked at Defendants' club, Red Tie, located at 15832 Stagg Street, Van Nuys, California 91406.

4. During the time I worked for Defendants, I was an exotic dancer/entertainer.

5. I was not paid hourly for my work at Red Tie. Instead, I retained a minimal portion of the dance fees, and customer gratuities and tips. Defendants failed to pay me wages for all hours worked.

6. Likewise, I am personally aware that Defendants have a habit of trying to "pay off" dancers in order to force us to do what they want. For example, when Red Tie wanted us to sign new employment agreements, they purposefully waited until the end of our shift, withheld our earned money, and prevented us from leaving the Club until we signed whatever they wanted us to sign. In return, Red Tie handled me and other dancers, a personal check for $50.00, each, in exchange for our signatures. I did not cash the personal check given to me.

7. Similarly, almost immediately after I joined this action, I noticed what I believe to be retaliatory behavior from Defendants.

8. I immediately began to notice that cars would drive by my home at all hours of the day and idle outside. Upon further investigation, I found that my manager Rafi Ray, and Bob Simoni were driving by my house.

9. I know this to be true because I recognized Rafi's distinctive car and recognized Bob Simoni's bald head in his luxury Porsche. I am so terrified that this behavior has caused me to move completely to a new address.

10. I am unsure of Red Tie's motivations in repeatedly driving by my home. I have reason to believe that they are trying to offer me a settlement to get out of the litigation, to intimidate me, or both.

11. Similarly, a few months ago, I got a call from a neighboring club, where I am friends with the manager. In this particular call, it was represented to me that managers and other staff from Red Tie were going to neighboring clubs to recruit or "poach" dancers.

12. In these visits to the club, Red Tie openly told this neighboring club, not to hire me specifically, because I was a part of the lawsuit. They also openly named other girls and cautioned this other club not to hire myself and other dancers because we "filed a lawsuit."

13. I am lucky enough to be employed in an entirely separate field now, but my experience as a dancer has made me aware of how vulnerable my fellow dancers, who are asserting their rights against Red Tie, may be, including those who received notice of this lawsuit.

14. I would not be surprised if other dancers at the Club were influenced by Red Tie to accept undervalued settlements immediately, rather than wait for litigation to run its course.

15. I felt as though Red Tie was trying to pressure me into accepting some sort of promise of employment or financial security from the Club, in exchange for my silence

regarding their wrong and illegal conduct during my employment at Red Tie.

Executed on 5/22/2022 in California.

*Briggitte Donis*