# EXHIBIT 12

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Red Tie, LLC dba Red Tie Gentlemen's Club, Mike Mudaris, Bob Simoni, and Ingrid Goulding (collectively "COMPANY") and Maribel Real ("Entertainer") as an individual (jointly, the "Parties").

## RECITALS

A. WHEREAS, Entertainer provided entertainment services for COMPANY within the past three years preceding the filing of the lawsuit entitled *Samantha Shafer, et al. v. Red Tie, LLC dba Red Tie Gentlemen's Club, et al.*, Case No. 2:20-cv-05726-ODW-PVC, filed in the United States District Court for the Central District of California on June 26, 2020 (the "Action");

B. WHEREAS, certain disputes, claims and alleged causes of action have existed by and between the Parties arising out of and relating to Entertainer's services for and/or relationship to COMPANY;

C. WHEREAS, Entertainer is a Plaintiff in the Action;

D. WHEREAS, the Parties participated in a Mandatory Settlement Conference on June 2, 2022 with Magistrate Judge Pedro V. Castillo and reached a settlement relating to claims by Ana Mia Caldwell Bresin, Briggitte Donis, Jessica Goodman, Erika Hice, LaShai Hunt, Ida Hurley, Alyxandra Mammensohn, Marissa McElhaney, Alizae Montiel, Stephanie Munns, Kema Patterson, Maribel Real, Daisy Resendez, Elianna Solis, Alyzza Valtierra, and Kayla White in the Action.

E. WHEREAS, the Parties agreed to enter into separate agreements related to each Plaintiff, and wish to set forth their agreement below; and

F. WHEREAS, the enforceability of this Agreement is contingent upon the District Court's approval of this settlement. Should this settlement not be approved by the Court, this Agreement shall be considered void.

## AGREEMENT

1. In exchange for Entertainer's promises, as described below, COMPANY agrees to pay Entertainer the sum of **Ten Thousand U.S. Dollars ($10,000.00)**, plus Entertainer's attorneys' fees and costs as approved by the Court (the "Settlement Payment") from the Gross Cash Settlement Amount.

## SETTLEMENT AGREEMENT AND RELEASE

2.      Following Approval of the Settlement by the Court, COMPANY shall cause the Gross Cash Settlement Amount of $562,500.00 to be paid as follows:

- **First Payment.** COMPANY shall pay $325,000.00 no later than 14 days after Court approval of the Settlement;

- **Quarterly Payments.** COMPANY shall make equal quarterly payments of $59,375.00, with the first payment beginning three months after receipt of Court approval until the Gross Cash Settlement Amount is paid in full, no later than a year after receipt of Court approval.

3.      The timing, amounts, and distribution of Settlement payment(s) to the Entertainer from the Gross Cash Settlement Amount shall be made solely in the discretion of Entertainer's counsel, and will be a pro rata distribution of funds received.    Provided the payments referenced in Section 2 above are made, COMPANY shall not be in breach of this Agreement regardless of whether any individual Entertainer has been paid.

4.      COMPANY agrees to pay Entertainer's attorneys' fees and costs awarded by the Court to Entertainer's counsel from the Gross Cash Settlement Fund as set forth above.

5.      COMPANY'S payments of the Gross Cash Settlement Amount will be made directly to Entertainer's counsel, payable to the Carpenter & Zuckerman Client Trust Account via either wire, check, or Money Order according to the schedule set forth above.  The funds shall be reported to Carpenter & Zuckerman via a 1099.

6.      As part of this agreement, COMPANY and Entertainer will enter into a Stipulated Judgment that may be executed and submitted to the District Court for entry for failure to make payments consistent with this agreement. The Court will maintain jurisdiction of this matter to effectuate entry and execution of the Stipulated Judgment. In the event of a breach, Entertainer will be entitled to unilaterally and without notice apply for reinstatement of the FLSA Case to the Court's active calendar for entry of judgment against COMPANY.  Entertainer shall submit the following to the Court: (1) declaration(s) attesting to the breach; (2) the interest accrued; (3) attorneys' fees incurred and payments made, if any; and (4) the resulting amount to the Stipulated Judgment. A copy of the Stipulated Judgment is attached hereto as **Exhibit 1**.

## SETTLEMENT AGREEMENT AND RELEASE

7.      This is a good faith settlement of disputed claims.  This Agreement does not constitute an admission by COMPANY of any wrongdoing.

8.      Entertainer hereby releases and forever discharges COMPANY, its past or present parents, subsidiaries, spouses, heirs, assigns, agents, representatives, attorney(s), consultants, partners, successors, landlords, whether named in the Action, or not, including each entities' officers, directors, shareholders, agents, employees, managers partners, attorney(s), successors, consultants, representatives, landlords, and assigns, whether named in the Action, or not, (all of the above collectively the "Released Parties") from any and all demands, causes of action, suits, debts, obligations, damages, whether for compensatory, consequential, punitive or exemplary damages, statutory damages, penalties, interest, attorneys' fees, costs or disbursements (including but not limited to those incurred by Entertainer's Counsel or any other counsel representing the Entertainer, other than those expressly awarded by the Court in an Attorney Fee and Expense Award authorized by this Agreement), that Entertainer may have that were alleged, or could have been alleged based on the allegations contained in the Action for Entertainer, including:  (1) Failure to Pay Minimum Wage, 29 U.S.C. § 206; (2) Failure to Pay Overtime Wages, 29 U.S.C. § 207; (3) Unlawful Taking of Tips, 29 U.S.C. § 203; (4) Failure to Pay Minimum Wage in Violation of Cal. Lab. Code §§ 1194 & 1197; (5) Failure to Pay Overtime Wages in Violation of Cal. Lab. Code §§ 510, 1194 & 1197; (6) Failure to Furnish Accurate Wage Statements, Cal. Lab. Code § 226; (7) Waiting Time Penalties, Cal. Lab. Code §§ 201-203; (8) Failure to Indemnify Business Expenses in Violation of Cal. Lab. Code § 2802; (9) Compelled Patronization of Employer and/or Other Persons in Violation of Cal. Lab. Code § 450; (10) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (11) Illegal Kickbacks, 29 C.F.R. § 531.35; (12) Forced Tip Sharing, 29 C.F.R. § 531.35; (13) Violation of Cal. Lab. Code §§ 350, *et seq*. This release does not apply to claims under California employment law that may not be prospectively released due to the signing by the Governor of SB 331.

9.      Entertainer individually agrees and warrants that COMPANY'S promises made under this Agreement and performance thereof constitute full satisfaction of any and all of Entertainer's claims under the Fair Labor Standards Act and/or the California Labor Code, that Entertainer has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or otherwise, against COMPANY and/or the Released Parties.  Should Entertainer be identified as a potential class member in any class action against COMPANY or any of the Released Parties for claims under the Fair Labor Standards Act and/or the California Labor Code, that Entertainer has, or may have, as of the date this Agreement is signed, which arise out of her relationship with COMPANY, or

## SETTLEMENT AGREEMENT AND RELEASE

otherwise, Entertainer agrees that any and all claims by her are specifically settled in this Agreement and that she will opt-out of any such class action.

10.     COMPANY'S Settlement Payment shall be reported to the Internal Revenue Service ("IRS") on Tax Form 1099.  COMPANY makes no representations as to the tax treatment of the payment called for in this Agreement and Entertainer is not relying upon any statement or representation by COMPANY. Entertainer's recovery is considered liquidated damages.

11.     This Agreement is entered into in connection with related settlement agreements arising from the Mandatory Settlement Conference conducted by the Parties with Hon. Pedro V. Castillo and reached in principle on June 2, 2022 and memorialized on the record.  In connection with the overall settlement reached at the Mandatory Settlement Conference, sixteen (16) separate settlement agreements ("Related Agreements"), will be presented to the District Court for approval.  These settlements are interrelated.

12.     Time is the essence of this Agreement.

13.     This Agreement is an integrated agreement and contains the entire understanding and agreement of the parties and shall not be changed modified amended, extended, terminated, waived or discharged, except by an instrument in writing, signed by the Parties hereto. This Agreement supersedes all prior agreements and understanding except as herein expressly stated.

14.     The rights and duties of the Parties under this Agreement shall be governed by the laws of the State of California and the United States of America pursuant to the FLSA.  Any action to enforce any right under this Agreement shall be brought in the United States District Court for the Central District of California, Los Angeles County, State of California.  Should it become necessary to initiate any action to enforce this Agreement then the prevailing party in any such action shall recover, in addition to other relief granted by the court, costs and reasonable attorneys' fees.  This includes, but is not limited to, seeking entry and enforcement of the Stipulated Judgment.

15.     The waiver by either party of any term, covenant or condition herein contained shall not be deemed a continuing waiver of that term, covenant or condition, or any subsequent breach of the same or any other term, covenant or condition of this Agreement.

SETTLEMENT AGREEMENT AND RELEASE

16.     This Agreement may be executed in any number of counterparts each of which when taken together shall constitute but one original.  Faxed, PDF (scanned) signatures, and/or electronic signatures (such as DocuSign) shall be deemed valid as if they were inked originals.

17.     The Parties agree that this Agreement shall be construed without regard to the drafter of the same and shall be construed as though each party to this Agreement participated equally in the preparation and drafting of this Agreement.

18.     The Parties hereby represent and warrant that they are entering into this Agreement knowingly and voluntarily; that they are each represented by counsel and that they have received advice of counsel regarding the subject matter hereof in order to consider the decision of whether or not to execute this Agreement; that they understand the terms and effects of the Agreement; that they are executing this Agreement free from any duress, and undue influence, mistakes of fact or law, fraud, undue influence, and that they are executing this Agreement in a non-coercive atmosphere.

19.     The portions of this agreement, not involving settlement payments, are severable.

In witness whereof, the Parties knowingly and voluntarily executed this Agreement on the date set forth below.

COMPANY:

Dated _____          _/s/ Mike Mudaris_____
                                   RED TIE, LLC dba
                                   RED TIE GENTLEMEN'S CLUB
                                   By:  _Mike Mudaris_____

MIKE MUDARIS:

Dated _____          _____
                                   MIKE MUDARIS

BOB SIMONI:

Dated _____          _/s/ Bob Simoni_____
                                   BOB SIMONI

Page 5 of 5

## SETTLEMENT AGREEMENT AND RELEASE

INGRID GOULDING:

    Dated    7/21/22                 /s/ Ingrid Goulding     
                                                   INGRID GOULDING

ENTERTAINER:

    Dated _____        _____
                                                   MARIBEL REAL

# EXHIBIT 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

IDA HURLEY, an individual, and
on behalf of all others similarly
situated,

              Plaintiffs,

     vs.

RED TIE, LLC dba RED TIE
GENTLEMEN'S CLUB; MIKE
MUDARIS, an individual; INGRID
GOULDING, an individual; and
BOB SIMONI, an individual,

          Defendants.

) Case No.: 2:20-cv-5726-ODW-PVC
)
)
) **COLLECTIVE ACTION**
)
)
) **[Proposed] JUDGMENT IN FAVOR**
) **OF MARIBEL REAL PURSUANT TO**
) **STIPULATION**
)
)
)
)
)
)
)
)

---

**[PROPOSED] JUDGMENT IN FAVOR OF MARIBEL REAL PURSUANT TO STIPULATION**
**-1-**

Based on the record before it, the Court finds that there is no just cause for delay in the entry of a final judgment in favor of plaintiff Maribel Real and against defendants Red Tie, LLC dba Red Tie Gentlemen's Club, Mike Mudaris, Bob Simoni, and Ingrid Goulding.  Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiff Maribel Real and against defendants Red Tie, LLC dba Red Tie Gentlemen's Club, Mike Mudaris, Bob Simoni, and Ingrid Goulding, jointly and severally in the amount of **Ten Thousand U.S. Dollars ($10,000.00)**, plus plaintiff Maribel Real's attorneys' fees and costs of $_____ as well as $_____ in interest, and $_____ in plaintiff Maribel Real's attorneys' fees and costs incurred in connection with the entry and enforcement of this Judgment, minus $_____ for the amounts paid to date for a **TOTAL AMOUNT OF $_____**.

As stipulated by and between plaintiff Maribel Real and against defendants Red Tie, LLC dba Red Tie Gentlemen's Club, Mike Mudaris, Bob Simoni, and Ingrid Goulding, this judgment shall not, and does not, have limitation, or operate as a bar, to collect any additional amounts due or to take further legal action to enforce the agreement and this judgment.

Dated: _____        _____

Honorable Otis D. Wright, II
United States District Judge